UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHANH H. NGUYEN,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | Case No. CV 07-3478-JTL<br><br>MEMORANDUM OPINION AND ORDER |

**PROCEEDINGS**

On June 1, 2007, Khanh Nguyen ("plaintiff") filed a Complaint seeking review of the Social Security Administration's denial of his application for Supplemental Security Income benefits. On June 12, 2007, Michael J. Astrue, Commissioner of Social Security ("defendant"), filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. On June 14, 2007, plaintiff filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. Thereafter, on November 28, 2007, defendant filed an Answer to the Complaint. On January 29, 2008, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///

## BACKGROUND

On September 20, 2005, plaintiff filed an application for Supplemental Social Security Income benefits alleging a disability onset date of September 1, 2005. (Administrative Record ["AR"] at 65-80, 81). The Commissioner denied plaintiff's application for benefits both initially and upon reconsideration. (AR at 40, 47). Thereafter, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 55).

On September 28, 2006, the ALJ conducted a hearing in Los Angeles, California. (See AR at 253-63). Plaintiff appeared at the hearing with counsel and testified with the aid of an interpreter. (AR at 255-60). Sandra Trost, a vocational expert, also testified at the hearing. (AR at 260-62). On October 5, 2006, the ALJ issued his decision denying benefits to plaintiff. (AR at 15-22). The ALJ concluded that plaintiff's back pain and asthma constituted severe impairments, but found that the impairments did not meet or equal any of the criteria contained in the Commissioner's Listing of Impairments, 20 C.F.R. Section 404, Subpart P, Appendix 1. (AR at 17-19). The ALJ determined that plaintiff had the residual functional capacity to perform medium exertional work, but should avoid concentrated exposure to fumes, odors, dusts, gases and other environmental irritants.[1] (AR at 19-20). Although plaintiff had no past relevant work, the ALJ concluded that plaintiff could perform jobs in the national economy including sandwich maker and hand packager. (AR at 21). Ultimately, the ALJ found that plaintiff was not disabled pursuant to the Social Security Act. (AR at 15, 21-22). The Appeals Council denied plaintiff's timely request for review of the ALJ's decision. (AR at 4-6).

Thereafter, plaintiff appealed to the United States District Court.

## PLAINTIFF'S CONTENTIONS

Plaintiff makes the following claims:

1.   The ALJ erred in mechanically applying the medical-vocational guidelines ("grids")

---

[1] The ALJ also determined that plaintiff must work in an environment where he would not be required to speak, write or understand English. (AR at 19). According to the ALJ, plaintiff had a limited education and was not able to communicate in English. (AR at 20).

2

in assessing plaintiff's ability to perform substantially gainful activity.

2.    The ALJ failed to provide clear and convincing reasons for rejecting plaintiff's testimony regarding his subjective limitations.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

**DISCUSSION**

**A.**    <u>**The Sequential Evaluation**</u>

A claimant is disabled under Title II of the Social Security Act if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantially gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantially gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S.

1 137, 141 (1987). Second, the ALJ must determine whether the claimant has a severe
2 impairment. Parra, 481 F.3d at 746. Third, the ALJ must determine whether the impairment
3 is listed, or equivalent to an impairment listed, in Appendix I of the regulations. Parra, 481 F.3d
4 at 746. If the impediment meets or equals one of the listed impairments, the claimant is
5 presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the
6 impairment prevents the claimant from doing past relevant work. Parra, 481 F.3d at 746. If the
7 claimant cannot perform his or her past relevant work, the ALJ proceeds to the fifth step and
8 must determine whether the impairment prevents the claimant from performing any other
9 substantially gainful activity. Id.

10 The claimant bears the burden of proving steps one through four, consistent with the
11 general rule that at all times, the burden is on the claimant to establish his or her entitlement
12 to disability insurance benefits. Id. Once this prima facie case is established by the claimant,
13 the burden shifts to the Commissioner to show that the claimant may perform other gainful
14 activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).

**B.     The ALJ's Rejection Of Plaintiff's Testimony Regarding His Subjective Limitations**

At the September 28, 2006 hearing, plaintiff testified that he was unable to work because he had difficulty breathing and his heart beat very fast, symptoms which he attributed to his asthma. Plaintiff stated that he experienced these symptoms four or five times each day. (AR at 259). Plaintiff testified that he could do things, such as dress himself, only if he took short breaks to rest and regain his breath. (Id.). Plaintiff also testified that he experienced shortness of breath in cold weather and, as a result, did not sleep at night, or slept for two hours at most. (AR at 259). Because his breathing difficulties prevented him from sleeping at night, plaintiff stated that he was very tired during the daytime. (AR at 260). He further testified that he could not perform a job that required him to sit down for two hours out of an eight-hour workday because he would be too tired. (AR at 259-60).

In his decision, the ALJ noted plaintiff's testimony regarding his subjective limitations and found that plaintiff's back pain and asthma could reasonably be expected to produce plaintiff's

alleged symptoms. (AR at 19-20). However, in determining plaintiff's residual functional capacity, the ALJ rejected plaintiff's testimony as not entirely credible or supported by the objective medical evidence. Specifically, the ALJ stated:

> After considering the evidence of record, the undersigned finds that [plaintiff's] medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that [plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible or consistent with the medical records of evidence.
>
> Social Security Regulations provide that an individual's subjective complaints shall not alone be conclusive evidence of disability. [Plaintiff] has been diagnosed with asthma and back problems, which are likely to cause some limitations, and the residual functional capacity determined in this decision reflects these limitations. The undersigned cannot find [plaintiff's] allegations that he is incapable of all work activity to be credible because of the lack of objective medical evidence.

(AR at 20). Accordingly, the ALJ found that plaintiff had the residual functional capacity to perform medium exertional work. (Id.).

Plaintiff claims that the ALJ improperly rejected plaintiff's testimony regarding his subjective limitations. (Joint Stipulation at 10-13). Specifically, plaintiff alleges that the ALJ failed to provide clear and convincing reasons for rejecting plaintiff's subjective complaints. (Joint Stipulation at 10, 14-15). Defendant argues that the ALJ's rationale for discrediting plaintiff's subjective complaints is sufficiently specific to support rejection of plaintiff's complaints. (Joint Stipulation at 13-14).

Pain of sufficient severity caused by a medically diagnosed "anatomical, physiological, or psychological abnormality" may serve as the basis for a finding of disability. 42 U.S.C. §

5

423(d)(5)(A); see Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997). "An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence." SSR 96-7p.[2] To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc). The claimant need not show that the impairment could reasonably be expected to cause the severity of the symptom alleged; rather, the claimant need only show that it could reasonably produce some degree of the symptom alleged. Smolen v. Chater, 80 F.3d 1273, 1282 (9th Cir. 1996). This approach reflects the Ninth Circuit's recognition of the "highly subjective and idiosyncratic nature of pain and other such symptoms," such that "[t]he amount of pain caused by a given physical impairment can vary greatly from individual to individual." Smolen, 80 F.3d at 1282.

If the ALJ finds that the claimant's impairment could reasonably have caused some degree of the pain or symptoms the claimant alleges, then, absent evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1281; Batson v. Comm'r, 359 F.3d 1190, 1196 (9th Cir. 2004). The ALJ must specifically identify what testimony is credible and what evidence undermines the claimant's complaints. Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999). On review, an ALJ's findings are entitled to deference if they are supported by substantial evidence in the record and are sufficiently specific for the reviewing court to assess whether the decision was impermissibly arbitrary. Bunnell, 947 F.2d at 345-56.

---

[2] Social Security Rulings are issued by the Commissioner to clarify the Commissioner's regulations and policies. Bunnell, 947 F.2d at 346 n.3. Although they do not have the force of law, they are, nevertheless given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989).

Here, the ALJ found that the objective medical evidence of plaintiff's back pain and asthma could reasonably be expected to produce plaintiff's symptoms. (AR at 20). Moreover, the ALJ did not make an affirmative finding of malingering. Thus, the reasons for rejecting plaintiff's testimony must be specific, clear and convincing. Smolen, 80 F.3d at 1281. The ALJ, however, failed to specifically identify which symptom testimony was not credible and what evidence in the record supported his conclusion. See id. at 1284. The ALJ's general statement that plaintiff's testimony was "not entirely credible or consistent with the medical records of evidence" is not sufficiently specific to allow the Court to determine whether the ALJ arbitrarily rejected plaintiff's testimony. (AR at 20). See Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993) ("It's not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible. He 'must either accept [claimant's] testimony or make specific findings rejecting it.'" (citations omitted)).

Furthermore, the ALJ may not disregard plaintiff's testimony solely because it is not substantiated by objective medical evidence. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998) (claimant's testimony as to the severity of symptoms may not be discredited merely because it is not supported by objective medical evidence); Smolen, 80 F.3d at 1282; Lester v. Chater, 81 F. 3d 821, 834 (9th Cir. 1995) ("Once the claimant produces medical evidence of an underlying impairment, the Commissioner may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence.").

Thus, the ALJ improperly rejected plaintiff's testimony "that he was incapable of all work activity . . . because of the lack of objective medical evidence." (AR at 20). The ALJ's reliance on unspecified inconsistencies between plaintiff's testimony and the objective findings does not constitute a clear and convincing reason for discrediting plaintiff's testimony. See Dodrill, 12 F.3d at 918 ("If the ALJ wished to reject [claimant's] pain testimony, he was required to point to specific facts in the record which demonstrate that [claimant] is in less pain than she claims.").

///

Accordingly, the ALJ does not present substantial evidence to support his rejection of plaintiff's testimony regarding his subjective limitations.

### C. Remand is Required to Remedy Defects in the ALJ's Decision

The choice of whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the Court. McAlister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Remand is appropriate where additional proceedings would remedy defects in the ALJ's decision, and where the record should be developed more fully. Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990).

Here, the Court finds remand appropriate. On remand, the ALJ must offer specific, clear and convincing reasons for rejecting plaintiff's allegations regarding his subjective limitations, if he chooses to do so. The ALJ must specifically identify what testimony is credible and what evidence undermines plaintiff's testimony.[1]

### ORDER

The Court, therefore, VACATES the decision of the Commissioner of Social Security Administration and REMANDS this action for further administrative proceedings consistent with this Memorandum Opinion and Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: March 3, 2008

/s/
JENNIFER T. LUM
UNITED STATES MAGISTRATE JUDGE

---

[1] In the Joint Stipulation, plaintiff also contends that the ALJ erred in mechanically applying the medical-vocational guidelines ("grids") in assessing plaintiff's ability to perform substantially gainful activity. (See Joint Stipulation at 4-10). However, the ALJ's above-discussed error constitutes sufficient reason to remand this case. Moreover, depending on the outcome of the proceedings on remand, the ALJ will have an opportunity to address plaintiff's other arguments again. In any event, the ALJ should consider all the issues raised by plaintiff in the Joint Stipulation when determining the merits of plaintiff's case on remand.